IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:08CV519-03-W
(3:05CR393 and 394-W)[1]

| | |
|---|---|
| F. BRYANT BROWN,  )  <br>     Petitioner,  )  <br>                       )  <br>     v.                        )  <br>                       )  <br> UNITED STATES OF AMERICA,  )  <br>     Respondent.  )  <br> _____) | **MEMORANDUM AND** <br>        **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. §2255 filed November 14, 2008 (Doc. No 1), and "Petitioner's Motion for Extension of Time to File a Memorandum of law in Support of Petitioner's § 2255 Motion." (Doc. No. 2.) For the reasons stated herein, both motions will be denied.

## I. PROCEDURAL HISTORY

On November 16, 2005 Petitioner was charged in two separate Bills of Information with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371; mail fraud and aiding and abetting the same in violation of 18 U.S.C. §§1341 and 2, and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). On November 1, 2005, Petitioner entered into a written plea agreement with the Government which included both cases wherein he agreed to plead guilty to Counts One, Two and Three in each Bill of Information. (Case No. 3:05cr393,

---

[1] Petitioner was sentenced on both Bills of Information and although the two cases were never officially consolidated, a single Judgment issued.

Doc. No. 2, Case No. 3:05cr 394, Doc. No. 2.) By the terms of the Plea Agreement, the parties stipulated that the amount of actual or intended loss that was reasonably known to or reasonably foreseeable by the defendant with respect to the first Bill was approximately $2.7 million and with respect to the Second Bill $560,000.

On December 8, 2005, Petitioner appeared before the Court for a Plea and Rule 11 Hearing. (Case No. 3:05cr393, Doc. No. 7, 3:05cr 394, Doc. No. 7.) At that hearing, the Magistrate Judge placed Petitioner under oath and then engaged him in a lengthy colloquy to ensure that his guilty plea was being intelligently and voluntarily tendered. Id. After hearing Petitioner's answers to each of its questions, and finding that Petitioner's plea was knowingly and voluntarily entered and made, the Magistrate Judge accepted his guilty plea. Id. On October 31, 2007, the Government filed a motion for a downward departure pursuant to 5K1.1 of the Sentencing Guidelines and Title 18 U.S.C. § 3553(e). On November 1, 2007, Petitioner appeared before the undersigned for a factual basis and sentencing hearing, during which the Court concluded that there was a factual basis supporting Petitioner's guilty pleas. (Transcript of Sentencing Hearing at 5.)[2] In addition, Petitioner affirmed that counsel had reviewed the presentence report ("PSR") with him, and he understood the contents of such report. (Id. at 3.) The Court granted Petitioner's objection to the two-level enhancement, that was not included in the plea agreement, for having derived more than $1,000,000 in gross receipts from one or more financial institution and also granted the Government's motion for downward departure and sentenced Petitioner to a term of 41 months on each count of both informations to be served

---

[2] The Court notes that the sentencing transcript that the Court reviewed was a rough transcript which comports with the undersigned's personal recollection of the sentencing hearing.

concurrently for a total term of 41 months.

Petitioner did not file a direct appeal in the Fourth Circuit Court of Appeals. Instead, Petitioner filed the instant motion on November 14, 2008 in which he contends that his counsel was ineffective at sentencing.

## II. ANALYSIS

A prisoner in federal custody may attack his conviction and sentence on the ground that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. 28 U.S. C. §2255. However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts. The Court, having reviewed the record of proceedings below, enters summary dismissal for the reasons stated herein.

A. Ineffective Assistance of Counsel

By his motion, Petitioner alleges that he was subjected to ineffective assistance of counsel in that his "counsel was ineffective at sentencing by failing to object to the amount of loss incurred by petitioner's underlying fraud convictions, resulting in an increased sentence. In the First Bill, Petitioner was held accountable for a loss of approximately $2.7 million, and in the Second Bill, $560,– resulting in an 18 level enhancement. However, during the sentencing hearing, Petitioner's actual loss was found to be less than $400,000, which only amounts to a 12

level enhancement, a difference in 20 months." (Motion at 4.)

When alleging a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen'l. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977).

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting Frady, supra). Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31). Therefore, if Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290 (citing Strickland, 466 U.S. at 697).

A petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. See, Hill v. Lockhart, 474 U.S. at 53-59; Fields, supra at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988). The Fourth Circuit described a petitioner's additional burden in a post-guilty plea claim of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty

4

> plea, [the] "prejudice" prong of the [Strickland] test is slightly
> modified. [The petitioner] "must show that there is a reasonable
> probability that, but for counsel's errors, he would not have plead-
> ed guilty and would have insisted on going to trial."

Hooper, supra at 475 (quoting Hill, supra at 59); accord Fields, supra at 1297.

In evaluating a post-guilty plea claim of ineffective assistance of counsel, statements previously made under oath affirming satisfaction with counsel, such as those made by Petitioner here at the Rule 11 hearing, are binding absent "clear and convincing evidence to the contrary." Fields, at 1299, (citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977)); accord United States v. Lemaster, 403 F.3d 216, 220-23 (4th Cir. 2005) (affirming summary dismissal of §2255 motion, including ineffective assistance claim, noting inconsistent statements made during Rule 11 hearing).

Applying the foregoing principles to Petitioner's allegations against counsel, it is apparent that he cannot prevail in this matter. Indeed, it has not escaped the Court's attention that Petitioner does not assert that but for counsel's alleged ineffectiveness, he would have pled not guilty and insisted upon going to trial. Thus, notwithstanding any other matters, Petitioner's claim against counsel is doomed by that failure. However, in an abundance of caution, the Court will consider Petitioner's claim notwithstanding this failure.

Petitioner argues that his counsel was ineffective for failing to object to the amount of loss incurred by Petitioner's underlying fraud conviction. Petitioner argues that the actual loss as determined during the Sentencing Hearing, was far less than the amount to which he stipulated in his plea agreement and would have resulted in a 12 level enhancement instead of an 18 level enhancement, a difference of 20 months.

Petitioner is incorrect that his counsel failed to object to the loss amount. Indeed, Petitioner's counsel filed written objections to the PSR which included an objection based on the calculation of the loss. Specifically Petitioner's counsel objected to the calculation of loss as being $2.7 to $7 million since no actual loss amounts were reported in paragraph 12 of the PSR. At sentencing however, Petitioner's counsel made a strategic decision and agreed not to pursue this objection in light of the fact that the Government filed a motion for downward departure arguing that the Court should sentence Petitioner to 51 months as opposed to 87 to 108 months as recommended in the PSR..

In reviewing the PSR and the sentencing transcript, it is clear to the Court that Petitioner cannot establish prejudice. Indeed, the Probation Officer calculated Petitioner's adjusted base offense level as a 29 with a criminal history category I which would have yielded a sentence in the range of 87 - 108. However, the undersigned granted Petitioner's counsel's objection to the two-level enhancement for having derived more than $1,000,000 in gross receipts from one or more financial institutions which resulted in an adjusted base offense level of 27 and yielded a sentencing range of 70 - 87 months. Taking Petitioner's argument that he should have received a 12 level enhancement for the amount of loss as opposed to the 18 level enhancement he received, Petitioner would have been facing an adjusted base offense level of 21 which would have yielded a sentencing range of 37 to 46 months. However, Petitioner cannot establish he was prejudiced by counsel's alleged ineffectiveness because the undersigned sentenced Petitioner to 41 months, which is within the range Petitioner contends he should have been if his counsel not made the decision to waive his objection to the amount of loss calculation. Indeed, the Court's sentence was far below even the recommendation of the Government in the motion for downward

departure.  Therefore, in light of the fact that Petitioner ultimately received a sentence that was within the range he would have received had his counsel not waived his objection to the amount of loss calculation, he cannot show that he was prejudiced by his counsel's failure to pursue his objection to the loss calculation.

The record makes clear that Petitioner's counsel did file an objection to the calculation of loss and then made a strategic decision not to proceed on that objection based on the Government's motion for downward departure in which the Government recommended a sentence of 51 months, 36 months less than that recommended by the Probation Officer.  The Court ultimately sentenced Petitioner to 41 months, 10 months less than the recommendation of the Government.

The Court has reviewed the entire record of this matter including the Sentencing Transcript and concludes that Petitioner cannot establish that his counsel was ineffective for waiving his objection to the loss calculation.  Petitioner has not established either prong of the Strickland test and his claim must fail.  Furthermore, Petitioner's motion for an extension of time to file a memorandum in support of his Motion to Vacate is denied.  Petitioner requested the additional time so that he could obtain a copy of his sentencing transcripts.  However, this Court reviewed the sentencing transcripts and concludes that even if Petitioner had the sentencing transcript, the above analysis would not change.  Indeed, as outlined in the Order, Petitioner cannot establish prejudice due to counsel's decision not to pursue his objection to the calculation of loss.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED that the Petitioner's Motion to Vacate, Set Aside**

**or Correct Sentence pursuant** 28 U.S.C. §2255 (document no. 1) is hereby **DENIED**.

Petitioner's motion for an extension of time (document no. 2) is also denied.

**SO ORDERED.**

Signed: December 11, 2008

Frank D. Whitney
United States District Judge